USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/1/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ROMANIA JULES et al.,                                             :
                                                                  :     13 Civ. 2228 (PAE)
                                        Plaintiffs,               :
                                                                  :     OPINION & ORDER
                -v-                                               :
                                                                  :
ERROL WAYNE ROBERTSON,                                            :
                                                                  :
                                        Defendant.                :
                                                                  :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On July 22, 2013, the Court received a letter motion from counsel for plaintiffs. Dkt. 23. In that letter, plaintiffs move to voluntarily dismiss their claims without prejudice, pursuant to Rule 41(a)(2). *See* Fed. R. Civ. P. 41(a)(2). Plaintiffs argue that the case was brought prematurely by their previous counsel, and that they require more time to "complete their medical treatment and have a full understanding of their injuries and any permanency before they enter into settlement negotiations or discovery."

On July 30, 2013, defendant responded with a letter opposing plaintiffs' request. Dkt. 24. Defendant argues that only a brief extension of the discovery schedule is warranted, because "[the parties] agreed to adjourn the depositions scheduled on June 19, 2013" for plaintiff Romania Jules to undergo shoulder surgery. Now that the surgery has concluded, defendant argues, "[t]here is no reason to throw this case into procedural limbo."

Under Rule 41(a)(2), where the parties have not stipulated to a voluntary dismissal without prejudice, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." And "although voluntary dismissal without prejudice is

not a matter of right, the presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *S.E.C. v. Compania Internacional Financiera S.A.*, No. 11 Civ. 4904 (JPO), 2012 WL 1856491, at *2 (May 22, 2012) (citations omitted).

The Second Circuit has developed "two lines of authority . . . with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). The first asks the question whether "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). The other line of authority instructs the court to consider: "[(1)] the plaintiff's diligence in bringing the motion; [(2)] any "undue vexatiousness" on plaintiff's part; [(3)] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [(4)] the duplicative expense of relitigation; and [(5)] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990); *see also Camilli*, 436 F.3d at 123; *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). The "crucial inquiry remains whether [defendant] will suffer substantial prejudice as a result of a dismissal without prejudice." *S.E.C. v. Chakrapani*, Nos. 09 Civ. 325 (RJS), 09 Civ. 1043 (RJS), 2010 WL 2605819, at *2 (June 29, 2010); *see also Compania*, 2012 WL 1856491, at *2.

Here, the Court can identify no legal prejudice to defendant aside from the "prospect of a second lawsuit." As to the *Zagano* factors, each of them supports plaintiffs' motion:

### A. Plaintiffs' Diligence

The plaintiffs have brought this motion in a timely fashion. Plaintiffs' counsel represents that he conferred with opposing counsel in an attempt to reach an agreement. He was substituted

into the case on June 6, 2013, *see* Dkt. 20–21, and received the case file from his predecessor counsel "after some time passed." Dkt. 23 at 1; see also Dkt. 18. During that time, plaintiffs' counsel attempted to resolve the issue with his adversary, and subsequently "followed up with a written request." On these facts, it is well within reason for counsel to have filed his motion on July 22, 2013.

### B. Undue Vexatiousness

There is no evidence of undue vexatiousness on the part of plaintiffs here. To the contrary, the filing of the suit, which plaintiffs now describe as "premature," occurred during plaintiffs' representation by their predecessor counsel. That fact, and no "ill-motive in bringing or maintaining [their] claims," *see Chakrapani*, 2010 WL 2605819, at *5, appears to explain plaintiffs' behavior. Furthermore, plaintiffs indicate that "it is highly likely that this matter can eventually be settled without again commencing suit," further undermining any claim of undue vexatiousness.

### C. Progress of Lawsuit

The parties are, by all accounts, still in the initial stages of discovery. Both parties state that depositions previously scheduled for June 19, 2013 were adjourned due to plaintiff Romania Jules's shoulder surgery. Both parties also concede that they will no longer be able to meet the deadline currently in place for the close of fact discovery. As such, it is clear that the case has not progressed far. On the other hand, if the case were to proceed, it is now at a stage such that both parties would soon begin to incur great expense, including the expense of retaining experts.

### D. Duplicative Expense

No substantial duplication of expense will result here. Should plaintiffs re-file the case, it is likely that the discovery already obtained can be used to avoid duplicative expenses. *See*

3

*Compania*, 2012 WL 1856491, at *6. And aside from the instant motion, this case has thus far involved no motion practice.

### E. Adequacy of Plaintiffs' Explanation

Plaintiffs' reason for seeking dismissal is a legitimate and eminently reasonable one. As counsel represents, the plaintiffs are still recovering from surgery. Moreover, they are "presently undergoing physical therapy three times weekly and have follow-up orthopedic appointments."

Allowing plaintiffs time to complete their treatment in order to understand the full extent of their injuries and any permanent consequences thereof justifies, quite compellingly, dismissal without prejudice here. Defendant, on the other hand, will suffer no prejudice beyond the prospect of another lawsuit.

Finally, the Court notes that Rule 41 states that, where a counterclaim has been filed, "the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41. Here, a Court would retain supplemental jurisdiction over the counterclaim even in the case of dismissal, because the counterclaim, arising as it does "out of the transaction or occurrence that is the subject matter of the opposing party's claim," is compulsory. *See* Fed. R. Civ. P. 13(a)(1)(A). In such a situation, Rule 41 does not prohibit dismissal. *See Ascentive, LLC v. Opinion Corp.*, No. 10 Civ. 4433 (ILG)(SMG), 2012 WL 1569573, at *3 (E.D.N.Y. May 3, 2012); *Eberhard Investment Assocs., Inc. v. Santino*, No. 01 Civ. 3840 (LMM), 2004 WL 594728, at *2 (S.D.N.Y. Mar. 25, 2004) (quoting 8 James W. Moore, *Moore's Federal Practice*, § 41.40[8][a] (3d ed. 1997)).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to voluntarily dismiss their claims without prejudice, pursuant to Rule 41(a)(2), is granted. The Clerk of Court is directed to close this case.

SO ORDERED.

/s/ Paul A. Engelmayer
_____
Paul A. Engelmayer
United States District Judge

Dated: August 1, 2013
       New York, New York